Allen *v.* Brown.

Judgment for the plaintiff.

[THIRD DEPARTMENT, GENERAL TERM, at Binghamton, June 6, 1871. *Miller*, P. J., and *Potter* and *Parker*, Justices.]

---

MIRANDA L. ALLEN *vs.* HARVEY W. BROWN, Sheriff, &c., and O. C. UNDERWOOD.

A., being seised of an estate of inheritance, or freehold, capable of alienation or of being mortgaged, in certain premises, by virtue of a lease thereof to him for three lives, which contained a covenant against waste, and in which premises the plaintiff, his wife, had an inchoate right of dower, he, in 1860, executed a mortgage upon such premises, for $700. In 1869 that mortgage was foreclosed by an action in which the plaintiff was a party defendant. The premises were sold under the judgment therein, and the defendant U. becoming the purchaser, he sued out a writ of assistance and placed it in the hands of the sheriff. A. admitted that he had committed waste, by reason of which the lease was forfeited, and upon that pretext he surrendered the *possession* of the premises to the landlord; who thereupon leased the same to the plaintiff. On a complaint praying for a perpetual injunction, to restrain the sheriff and U. from interfering with the plaintiff's possession;

*Held,* 1. That upon the execution of the mortgage, the mortgagee stood in the place, and possessed the rights of A., the lessee and mortgagor, subject to the condition in the mortgage, and subject to the equities of A. and to the reversion of the remainderman at the termination of the lives named.

2. That the landlord could not impair the rights of the mortgagee by any act

of his; and his tenant, A., had no power, by any voluntary act of his, to forfeit the estate he had previously aliened by mortgage.

3. That to the extent of that mortgage, the mortgagee possessed rights that the remainderman could only obtain by legal steps, as against him.

4. That A. the tenant, could not by a mere confession of waste, to the landlord, and without judicial action, or giving the mortgagee his day in court, to protect or defend his rights, surrender up or convey away rights that he himself had previously aliened to another.

5. That the mortgagee possessed rights which A. could not confess away.

6. That this was in effect the creation of a new estate, or an attempted creation, without the evidence of it being in writing.

7. That the surrender of an estate being required by statute (2 *R. S.* 134, § 6,) to be in writing, the calling it a forfeiture, and agreeing it shall be a forfeiture, cannot dispense with the requirements of the statute, or change its character.

8. That the plaintiff was foreclosed by the proceedings at law to which she was a party, and of which she had full and actual notice, and could not resist the proceedings therein to carry into effect the judgment against her right of possession.

9. That the condition in the lease, giving a right of re-entry in case of waste, was not a limitation of the estate which would authorize the landlord to take peaceable possession at its termination; but the estate was a conditional one, which could only be determined by a trial and adjudication upon the rights of all the parties in interest; or by the legal surrender of all the rights of all the parties in interest.

THIS is an action brought by Miranda L. Allen against O. C. Underwood, and H. W. Brown, the sheriff of Otsego county, for the purpose of obtaining a perpetual injunction restraining the defendants from interfering with her possession of certain land in Otsego county.

The following are the material facts: James J. Allen was the tenant in possession of certain lands under a lease for the lives of three persons, from some time prior to 1860 to some time in 1869, and Henry White, trustee, was the landlord. Allen, in 1860, executed and delivered a mortgage on such leasehold estate, for $700. In February, 1869, such mortgage was foreclosed by action, making the plaintiff, the wife of James J. Allen, a party. A judgment of foreclosure and sale was obtained therein. The premises were sold by virtue of such judgment, and the

Allen *v*. Brown.

defendant, Orlo C. Underwood, became the purchaser. He caused a writ of assistance to be issued and placed in the hands of the defendant Brown, sheriff, &c. It was claimed that said James J. Allen had committed waste, and that the lease became and was forfeited. This claim was admitted to be true by said Allen. Thereafter (May 1st, 1869,) Allen surrendered up the *possession* of said premises to Henry White, trustee, as having forfeited the same by the commission of waste. Henry White, the said trustee, thereupon leased the same to the plaintiff. The defendants threaten to execute the writ of assistance, and there is a prayer that they be restrained, &c., and that the plaintiff be adjudged lawfully possessed, &c.

The following are the provisions of the lease in question: "And the said party of the second part for himself, his heirs, executors, administrators and assigns doth by these presents covenant, grant and agree, to and with the said party of the first part, his heirs and assigns in manner following, to wit: And the said party of the second part, his executors, administrators or assigns, shall not or will not at any time during the continuance of the estate hereby granted, commit or suffer any waste, spoil or destruction of the premises or any part thereof, or of any buildings or fences erected or to be erected thereon. Provided always, and these presents are upon condition, nevertheless, that if the said yearly rent of —— or any part thereof shall be behind and unpaid for the space of six months after any of the days hereby limited for payment thereof; or if the said party of the second part, his executors, administrators or assigns, shall break or shall neglect or refuse to perform any of the covenants contained in these presents, or shall commit or suffer waste on any part of the hereby demised premises, that then and from thenceforth it shall and may be lawful to and for the said party of the first part, his heirs or assigns, and that, without any previous demand of such rent, into the said

lot, piece or parcel of land hereby demised to re-enter, and the same and every part thereof to have again, repossess and enjoy, as in his and their first and former estate, anything therein contained to the contrary thereof notwithstanding."

The action was tried before a judge without a jury, and the said judge dismissed the complaint, on motion of the defendants, with costs. Upon this order judgment was entered, from which an appeal was brought to this court.

*Marcus T. Hun,* for the plaintiff.

*Mr. Davenport* for the defendant Underwood.

*Lynes & Bowen,* for the defendant Brown.

POTTER, J.   The estate which James J. Allen held in the premises in question before his relinquishment thereof to Henry White, the trustee, was an estate of inheritance, a freehold estate, capable of alienation—capable of being mortgaged—and was an estate in which the plaintiff, his wife, held an inchoate right of dower. This right she possessed by virtue of her husband's being the lessee for the life of certain persons whose names are mentioned in the lease. To defeat, or to protect her in this inchoate right, she was made a party to the foreclosure suit. She was rightfully a party to this action. This foreclosure was upon a mortgage executed by her husband upon this leasehold estate. It was an estate, though defeasible, capable of being mortgaged. The mortgage was a conditional alienation of the estate. The mortgagee, thereupon, stood in the place, and possessed the rights, of James J. Allen, lessee, subject to the condition in the mortgage, and subject to the equities of Allen, and to the reversion of the remainderman at the termination of the lives named. The rights of this mortgagee the landlord

could not impair by any act of his; and his tenant, Allen, had no power by any voluntary act of his, to forfeit the estate he had aliened by mortgage. To the extent of that mortgage interest, the mortgagee possessed rights that the remainderman could only obtain by legal steps, as against him. Had Allen conveyed the whole estate, instead of a conditional one, it would hardly be claimed that he could forfeit an estate he did not own or possess. The question is not directly before us as to what judgment a court would or ought to render, in a case of willful waste committed by a tenant under such a covenant, after the tenant's alienation of the estate; but I think it quite clear that the tenant could not, by a mere confession of waste, to the landlord, and without judicial action, without giving the mortgagee his day in court to protect or defend his rights, surrender up or convey away rights that he himself had previously aliened to another. His mortgagee possessed rights that the mortgagor could not confess away. True, Allen could confess away his own title to the estate by a proper instrument; he could surrender his possession without writing, but not his title, nor the title of his alienee. The surrender of an estate is required to be in writing. (2 *R. S.* 134, § 6.) The calling it a forfeiture, and agreeing it shall be a forfeiture, cannot dispense with the requirements of the statute, or change its character. It was in effect the creation of a new estate, or an attempted creation, without the evidence of it being in writing. No such surrender is alleged or proved. (*See Sackett* v. *Barnum*, 22 *Wend.* 607; *Bing. on Real Estate*, 256.)

But I am unable to see how the plaintiff, who must be held to have entered into possession of the estate with her husband, and thereby acquired her inchoate rights, had not been foreclosed by the proceedings at law to which she was a party, and of which she had full and actual notice. The plaintiff, therefore, is in no better condition in this respect than her husband. She was a party to the

foreclosure suit.    The merits of that suit, it must be presumed, have been adjudged, and she cannot resist the process issued to carry into effect that judgment against her right of possession.    It was not alleged in her complaint, nor proved on the trial, that the claimed forfeiture had been adjudged by any court, or determined by any judicial proceeding; or that the mortgagee had been a party, or had given his consent; or that the surrender had been by writing.    The condition in the lease was not a limitation of the estate, which would authorize a landlord to take peaceable possession at its determination; but the estate was a conditional one, which, I think, can only be determined by a trial and adjudication upon the rights of all the parties in interest.    The mortgagee has had no judgment forfeiting his rights; and has made no surrender of his interests.    I think the judgment was right, and must be affirmed.

MILLER, P. J., and PARKER, J., concurred in the result.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Binghamton. June 6, 1871. *Miller*, P. J., and *Potter* and *Parker*, Justices.]