## MARONE v. HINCKEL BREWERY CO. et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. LANDLORD AND TENANT—RENT—ACTIONS—ACTIONS AGAINST ASSIGNEE—LIABILITY OF ASSIGNEE.

Where defendant, the assignee of a leasehold in certain premises owned by plaintiff, paid the rent for the first four months of the lease, and its officers asserted their control of the premises, and negotiated in connection with plaintiff for their sale, and refused to allow plaintiff to sell the property except subject to the lease, and also refused to allow plaintiff to occupy the place unless he made arrangements satisfactory to themselves, and, when the rent sued for was due and plaintiff demanded it, defendant did not disclaim possession or abandon the premises and continued to occupy the premises, a finding that defendant was in possession of the leased premises under its assignment so as to entitle plaintiff to recover would have been proper, and hence the complaint was improperly dismissed.

2. SAME—ASSIGNMENT OF LEASE—LIABILITY OF ASSIGNEE FOR RENT.

The assignee of a lease in possession of the leased premises is liable to the lessor for rent during his possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 821–829.]

Chester and Sewell, JJ., dissenting.

Appeal from Trial Term, Albany County.

Action by Joseph Marone against the Hinckel Brewery Company and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank Cooper and Neile F. Towner, for appellant.

Rosendale & Hessberg (Murray Downs, of counsel), for respondents.

COCHRANE, J. This is an action to recover of the respondent, Hinckel Brewery Company, rent of certain premises for four months from June 1 to October 1, 1904, at the rate of $100 a month. Plaintiff owned the premises, which consisted of a saloon and concert hall, and on January 30, 1904, executed to John D. Van Eck a written lease thereof for three years with the privilege of renewal. On the same day Van Eck assigned the lease to respondent. On the day when the lease was executed and assigned plaintiff sold to respondent a quantity of personal property then in the saloon and concert hall, and of the value of about $2,000. Allusion is made in the lease to such sale, but it has no bearing on the question now presented. Van Eck for a time conducted business on the premises; but during the time for which plaintiff seeks to recover rent herein the place was closed and devoted to no purpose, except that said personal property sold by plaintiff to respondent was during all of such time kept and stored therein.

It appears from the evidence either, directly or inferentially, that respondent for the first four months of the lease paid the rent amounting to $400. Its officers asserted their control of the premises, at one time saying to plaintiff, "We have charge of the place, stuff, and everything," and making similar assertions to other parties. They negotiated in connection with plaintiff for a sale of the premises, and refused to allow him to make such sale except subject to the lease unless the purchaser would also purchase said personal property. They also refused to allow plaintiff to occupy the place unless he made arrangements satisfactory to themselves. At the very time when this rent was falling due, and plaintiff was demanding it of respondent, the latter did not disclaim possession or remove the personal property or abandon the premises. Asserting that Van Eck had nothing to do with the premises, and holding from him an assignment of the lease, respondent continued to occupy said premises with its personal property, although plaintiff was all the time demanding of it the payment of the rent. From the foregoing evidence, it would have been a proper deduction by the jury that the respondent was in possession of the leased premises under its assignment of the lease; and, had the jury so found, the right of plaintiff to a recovery would have been established. The assignee of a lease in possession of the leased premises is liable to the lessor for the rent during such possession. Sayles v. Kerr, 4 App. Div. 150, 38 N. Y. Supp. 880; Clark v. Aldrich, 4 App. Div. 523, 40 N. Y. Supp. 440; Frank v. N. Y., L. E. & W. R. R., 122 N. Y. 197, 215, 25 N. E. 332; Damainville v Mann, 32 N. Y.

197, 88 Am. Dec. 324; Dassori v. Zarek, 71 App. Div. 538, 75 N. Y. Supp. 841. It was therefore error to dismiss the complaint.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

All concur, except CHESTER and SEWELL, JJ., who dissent.