HARRY TAMARIN, Respondent, *v.* PATRICK FITZPATRICK and Another, Appellants.

Supreme Court, Appellate Term, Second Department, January 29, 1925.

Brokers — real estate broker — action to recover commissions for transaction which also includes transfer of lease — plaintiff failed to prove possession of license under Real Property Law, §§ 440–440-a — lease is estate or interest in real property within meaning of Real Property Law, § 440 — judgment for plaintiff reversed.

A judgment for the plaintiff, in an action to recover commissions upon a transaction, which also includes the transfer of a lease, should be reversed where it appears that plaintiff failed to prove that he was a licensed broker within the meaning of sections 440 and 440-a of the Real Property Law.    Although plaintiff was instrumental in procuring the sale of the lease, he was required to take out a license under section 440 of the Real Property Law, since within the meaning of said section a lease, although personal property, is an estate or interest in real property.

APPEAL from a judgment and order of the Municipal Court, Borough of Brooklyn, Second District.

*Herman Block,* for the appellants.

*Samuel S. Rubenstein,* for the respondent.

PER CURIAM:

Judgment and order unanimously reversed on the law, with thirty dollars costs to appellants, and judgment directed for the defendants, dismissing the complaint, with appropriate costs in the court below.

Plaintiff failed to prove that he was a licensed broker under sections 440 and 440-a of the Real Property Law (as added. by Laws of 1922, chap. 672).    That section applies to a broker who procures the sale of a lease.    The transaction to consummate in which the plaintiff was engaged included the transfer of a lease.    Although a lease is personal property (*Rodack* v. *New Moon Theatre,* 121 Misc. 63), it is an estate or an interest in real property, as that term is used in section 440 of the Real Property Law.    (See Real Prop. Law,

§§ 30, 33, 240, 242, 249; *Fifth Avenue Building Co.* v. *Kernochan,* 221 N. Y. 370.) Since part of the consideration was illegal, and the good cannot be separated from the bad, there may be no recovery by plaintiff in the absence of proof that he is a licensed broker.

Present: Cropsey, Lazansky and MacCrate, JJ.