In the Matter of the Application of RALPH BALDUCCI, Landlord, Owner, Respondent, for the Removal of LEON G. PRESTON and Another, Appellants.

County Court, Madison County, January 26, 1926.

**Summary proceedings to dispossess — parties — jurisdiction — lessees are proper parties though premises were in possession of corporation formed by them prior to plaintiff's demand for possession.**

Defendants, lessees under an oral lease of premises in which they carried on a copartnership business, are proper parties in summary proceedings to dispossess, notwithstanding the fact that prior to plaintiff's demand upon them for possession of said premises they organized a corporation which assumed the business and property of the copartnership in the premises under lease, in the absence of

proof showing plaintiff ever released the defendants from their lease.    Assuming that plaintiff had knowledge of the transfer of the partnership business and property to the corporation, it would not have been good practice to have omitted to join defendants as parties in any event.

APPEAL by the tenants, hereafter called defendants, from a judgment and warrant of dispossession from premises of the landlord, hereafter called plaintiff, rendered in summary proceedings in Justice's Court on the verdict of a jury.

*Campbell & Woolsey,* for the appellants.

*J. L. Robertson,* for the respondent.

SENN, J.    On or about January 1, 1921, the defendants leased of the plaintiff a store apartment in Canastota, N. Y., to be used in carrying on defendants' furniture and undertaking business. There was no written lease.    The plaintiff claimed it was from month to month while the defendants insisted that it was a hiring by the year.    The defendants were in possession and carried on the business as Preston & Newberry until October 18, 1925, when the corporation of Preston, Newberry & Tuttle, Inc., was formed and took over the business and property of Preston & Newberry, occupying the same store.    Mr. Preston became president and Mr. Newberry became secretary and treasurer of the new corporation, which, although it became a separate and distinct legal entity, quite evidently represented the same business and interests as the firm which it succeeded, except the interest which Mr. Tuttle acquired as one of the incorporators.

On October 28, 1925, the plaintiff caused notice to be served on the defendants that the tenancy would terminate on December 1, 1925, and demanding possession of the premises on that date. On December 2, 1925, the demand not having been complied with, this proceeding was commenced.    The corporation was not made a party, but Preston and Newberry as individuals were served with the precept.    The defendants appeared and litigated the case.    Their answer was a general denial and an affirmative allegation that the lease was yearly and would not expire until January 1, 1926.    It did not otherwise indicate that the wrong parties were being proceeded against.    There was a jury trial and the issues were tried on the merits.    Besides, proof was offered by the defendants that plaintiff knew of the incorporation and change of ownership of the business, which knowledge was denied by the plaintiff.    Defendants' motion to dismiss on these grounds was denied and the jury found for the plaintiff.

It is the contention of the defendants appellants that the whole proceeding was void and the court without jurisdiction; that

defendants were not in possession when the proceeding was commenced and that it should have been against the corporation only.

It seems to me that the only question is as to whether the plaintiff was justified in instituting the proceeding as against the defendants. As against the corporation the proceeding was clearly void, but that seems immaterial in view of the fact that the premises were vacated by the corporation and all concerned on January 1, 1926.

Appellants cite, among other authorities, *Rodack* v. *New Moon Theatre* (121 Misc. 63, 68), where the court said: " Possession in the person sued is necessary to give jurisdiction in summary proceedings. Therefore, if the only person who is sued is not in possession, the court has no jurisdiction and the proceeding must be dismissed."

Although the court used that language, the case was entirely different from the one at bar. In the *Rodack* case the original lease had been assigned several times, finally to Shapiro who assigned to the New Moon Theatre, taking back a chattel mortgage on the lease for a part of the purchase price. Thereafter, while the New Moon Theatre was in default to him for payments and to the landlord for rent, the latter prosecuted summary proceedings against the New Moon Theatre, which did not defend, and obtained an order for possession, without having made Shapiro a defendant. Then a lease was made (or claimed to be) by the landlord with one Shulman, which was believed to have been collusive with the New Moon Theatre (aided by Shulman), to cut off Shapiro's rights as mortgagee of the lease. The court held that the mortgage of the lease to Shapiro gave him the legal title subject only to defeasance or redemption by payment of the chattel mortgage; that Shapiro was the real person in possession with the New Moon Theatre as his agent, and should have been made a defendant.

*Warrin* v. *Haverty* (149 App. Div. 564), cited in the *Rodack* case in support of its dictum, was a case where both the tenant and his subtenant had removed from the premises and surrendered the keys to the landlord. Held, that plaintiff could have his action for rent but not summary proceedings.

*Fults* v. *Munro* (202 N. Y. 34) is in principle similar to the case at bar. Munro had leased a farm to Fults, who immediately, with Munro's knowledge and consent, assigned his lease to his wife. In this respect the case was even stronger as against the landlord than it is in the instant case. Subsequently, Munro instituted summary proceedings against Mr. Fults, the original lessee, for non-payment of rent. The wife, the real holder of the lease, was not made a party. Upon a warrant in this proceeding

Mrs. Fults and her goods were removed from the premises and forcibly kept out. In an action for forcible entry and detainer brought by the wife against Munro, it was held that the proceeding was invalid as against her and the landlord was liable. The court held, too, that as against Fults, the husband, the proceeding was valid.

Preston, Newberry & Tuttle, Inc., could not, as such, have been removed from the premises, even though there had been no appeal and no collateral attack upon the warrant that was issued. In the command to remove " all persons," it only " followed the language of the statute, which, however, does not mean literally all persons, but only those in actual possession who are made parties to the proceeding and their guests, agents, servants and the like." (*Fults* v. *Munro, supra.*)

Following the reasoning of the court in *Fults* v. *Munro*, it seems to me that the proceeding in question was valid as against Preston and Newberry, the defendants. If they had no goods in the leased premises on December 2, 1925, or when the warrant was issued, they were not injured. They were not such strangers to the matter, or so obviously out of the lease and of possession as was the case in *Warrin* v. *Haverty* (*supra*). Balducci, the landlord, had never released the defendants from their lease. Assuming that he knew of the transfer of the partnership business and property to the corporation and had proceeded against it, he could not safely have omitted to join these defendants as parties.

I do not see that anything is involved at this time except the question of costs. The case was defended by the defendants upon the merits and as far as appears, as fully as though the corporation had been joined as a party.

The judgment appealed from must, therefore, be affirmed, with costs.

Let judgment to that effect be submitted.