Maurice Roberts, Plaintiff, *v.* Park-Lexington Corporation and Others, Defendants.

Supreme Court, New York County, December 10, 1927.

Liens — lien on personal property — contract assigning lease, which was assigned as collateral, may be sold at public auction under Lien Law, § 200 — right to acquire lease in event of default is not interest in real property.

A provision in a contract, by which all the right, title and interest in and to a long term lease was assigned, providing for the sale of said contract, which had been pledged as collateral security for an account, in the same manner as is permitted in the sale of stocks, bonds and similar securities, must be deemed to have been intended to permit the sale of said contract at public auction pursuant to section 200 of the Lien Law, notwithstanding the fact that the contract

permitted the assignors or their assigns to repossess the lease upon default in payment.

The right of the plaintiff to acquire the lease in the event of a default cannot be regarded as an interest in real property, and, therefore, a motion to restrain plaintiff from disposing of the contract at public auction must be denied.

MOTION for injunction restraining sale under plaintiff's notice of sale pursuant to section 200 of the Lien Law.

*Max D. Steuer* [*Harold H. Corbin* and *Edward J. Bennett* of counsel], for the plaintiff.

*Noble, Morgan & Scammell* [*Herbert Noble* and *Howard Seay* of counsel], for the defendant John J. Riordan, Jr.

FRANKENTHALER, J.    On or about August 1, 1923, the Merchants and Manufacturers Exchange of New York (hereinafter termed " Merchants ") sold and assigned to Park-Lexington Corporation (hereinafter termed " Park-Lex.") all its right, title and interest in and to a long term lease which it held as lessee.   In part payment of the purchase price Park-Lex. agreed to make certain payments to Merchants over a period of twenty-nine years, beginning in 1924, totaling $3,200,000, and later reduced to $1,617,000.   The agreement provided that in the event of a default in the payment of any installment due thereunder Merchants or its successors or assigns might re-enter and repossess the lease and the term and estate thereby created.   On or about April 22, 1926, Merchants assigned to Arthur Berenson and Lawrence Berenson all its right, title and interest in and to the aforesaid contract and to all payments due or to become due thereunder, as collateral security for any and all moneys due or to become due from Merchants to the Berensons or to the Massachusetts Storage Warehouse Company.   The assignment expressly provided that it was subject to previous assignments and agreements between Merchants and Berensons and the warehouse company; that said assignments and agreements were to be deemed to continue in full force and effect, and that " all other security hereinbefore transferred by the M. & M. E. [Merchants] to the said Berensons shall be deemed to be in full force and effect and to be held as security for the payment of any sums due and owing to them hereunder or which shall or may hereafter become due and owing to them.   This agreement shall in nowise cancel or affect any other instruments in writing outstanding from the M. & M. E. in favor of the said warehouse company, or any and all of the aforesaid Berensons, and shall likewise have no effect whatsoever upon any agreements between the said parties, it being understood and agreed that all of said assignments and agreements remain in full force and effect."

A previous assignment by Merchants to the Berensons contained a provision reading as follows: " *Ninth.* The security heretofore and hereby transferred *or which shall or may be hereafter transferred* by the said M. & M. E. to the said warehouse company, and/or to the said Berensons or held by the said warehouse company for the benefit of itself and the said Berensons, and held by the said Berensons for the benefit of themselves and the said warehouse company may be availed of by the said warehouse company or by the said Berensons or any of them for the payment of any and all of the obligations herein set forth or for any obligations which shall or may hereafter become due from the M. & M. E. to the said warehouse company and the said Berensons, *and the same shall be sold for payment of one or all of said obligations of the M. & M. E. to the said warehouse company and the said Berensons* in the manner provided for in the agreement between the warehouse company and the M. & M. E. dated May 15, 1925, and/or *at the option of the said Berensons and the said warehouse company in the manner authorized and provided for by law for the sale of personal security and/or stocks, bonds and other securities* provided for by law." It seems clear from the foregoing that this provision is applicable to the assignment of April 22, 1926. The italicised portions appear to have been intended to permit the sale of the pledged collateral in the same manner as is permitted in the case of stocks, bonds and similar securities. It may be that the contract of August 1, 1923, could not properly and validly be sold at public auction by plaintiff, the assignee of the pledgees, *in the absence of a special agreement permitting that method of realizing on the collateral.* The contract, being a chose in action, was not subject to sale in the manner appropriate in the case of tangible personal property, the reason for the distinction being that choses in action ordinarily have no established market value, and it cannot, therefore, be presumed it was the intention of the parties that the pledgee was to sell such collateral rather than collect it by action or otherwise. (*Wheeler* v. *Newbould,* 16 N. Y. 392; Jones Collateral Securities [3d ed.], § 651; 31 Cyc. 872.) It is, however, well established that even choses in action which may not otherwise be sold by the pledgee in an attempt to realize upon the collateral may be thus disposed of where there is an express agreement permitting that procedure. (Jones Collateral Securities, *supra,* § 652; 31 Cyc. 872; *Gutman* v. *Schreiber,* 173 App. Div. 670, 674; affd., without opinion, *sub nom. Gutman* v. *Livingston,* 226 N. Y. 582; *Wheeler* v. *Newbould, supra,* 398.) That is the situation here presented. There can be little question but that the purpose of the provision for sale in the same manner as stocks and bonds was to permit

the very remedy which plaintiff is now invoking and which the moving party seeks to enjoin. Stocks and bonds may be sold, although there is no express agreement permitting a sale, that being the usual method of turning such securities into money, and, therefore, properly regarded as within the contemplation of the parties. (*Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210, 217, 218; *Brightson* v. *Claflin,* 225 id. 469, 475, 476; Jones Collateral Securities, *supra,* § 721.) In the *Brightson Case* (*supra*) the sale of a cash dividend declared and paid on pledged stock was held to be a conversion, but the opinion clearly proceeded on the theory that the sale of the stock itself would have been proper. The dividend, according to the court, had become cash or the equivalent of cash and " there is no principle of law or common sense which authorizes a pledgee to sell cash at a public auction." The fact that the contract of August 1, 1923, permits the Merchants, and its successors or assigns, to repossess themselves of the long term lease cannot affect the rights of the parties. A lease for years is personal, and not real property, except for the purpose of recording acts, and it has accordingly been held that a mortgage thereon gives the mortgagee an interest in personalty rather than realty. (*Rodack* v. *New Moon Theatre,* 121 Misc. 63, 70, 71.) It was there decided that a mortgage on a lease for years confers title to the leasehold upon the mortgagee. If the leasehold were regarded as realty, the mortgage would merely create a lien. It follows that the right of the plaintiff in the instant case to acquire the lease in the event of a default can hardly be regarded as an interest in real property. The motion to restrain plaintiff from disposing of the contract of August 1, 1923, at public auction is denied. Settle order on notice.