220–228 BROOK AVENUE CORPORATION, Landlord, Appellant, *v.* ABRAHAM ZAFT, Tenant, Respondent; MORRIS LUDMER, Tenant; " JOHN DOE," Undertenant.

Supreme Court, Appellate Term, First Department, April 12, 1934.

*David S. Elgot*, for the appellant.

*Abraham A. Friedman*, for the respondent.

HAMMER, J. In this summary proceeding for non-payment of rent and for judgment against the lessee and assignee the trial judge dismissed as against Zaft, the lessee, and directed judgment in his favor against the landlord.

The theory of the ruling appealed from is that as Zaft, the lessee, had assigned the lease and was not in possession at the time of the beginning of the proceeding, his joinder as a party was unauthorized.

To hold that a lessee who has assigned his lease may not be a party to a dispossess proceeding because he is not in actual possession would impair the summary remedy and conduce to further litigation. Whether the arrangement between the tenant and the third party in possession in a given case amounts to an assignment or a subletting may present a material issue and be decided adversely to the landlord, and thus require another lawsuit. Of course a person in possession is presumably assignee of the lease, but the presumption may be rebutted on the trial, and if rebutted a new proceeding must be brought unless the lessee is in the case. It may also be desirable to make the lessee a party to obviate any question as to the conclusiveness of the final order. Although after assignment the privity of estate is terminated as between the lessor and lessee, the privity of contract remains, and in the absence of a release, express or implied, the lessee continues for all practical purposes to be a tenant, and he may have an interest in the preservation of the lease apart from any right of redemption under section 1437 of the Civil Practice Act. Where the effect of a sublease of the whole term reserving rent to the lessee, as landlord, is an assignment of the term with respect to the head landlord (*Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601; *O'Connell* v. *Sugar Products Co.*, 114 Misc. 540; Keogh Landl. & Ten. Summary Proceedings, 184), or where an assignment is contrary to the stipulations of the lease, there are additional reasons for the lessee being suable in the proceeding. Further, in a proceeding for non-payment of rent, costs awarded the landlord upon a recovery are merely nominal, while in an action, to which the landlord has been remitted in this instance, the amounts recoverable are substantial.

It seems to me that the lessee although not a necessary party, in a proceeding where, as in this instance, he has not been released from his contractual obligation, although the landlord assented to the assignment, is a proper party, and the dismissal was error. (*Matter of Balducci* v. *Preston*, 126 Misc. 356.)

So much of the final order as dismisses the petition against the lessee Zaft reversed, with thirty dollars costs, and final order modified by awarding possession also against said lessee and directing judgment accordingly, with costs. Appeal from judgment dismissed.

All concur; present, HAMMER, CALLAHAN and FRANKEN-THALER, JJ.