DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF UNION.

SANDFORD BIERMAN, INDIVIDUALLY AND T/A MAR-
SAN CO., PLAINTIFF, v. FRED BARTHELMEUS, DE-
FENDANT.

Decided February 14, 1946.

For the plaintiff, *Benjamin S. Appel.*

For the defendant, *Levy & Krauss.*

FULOP, D. C. J.   This is a suit for a commission upon the sale of a retail business.   Defendant agreed in writing that the plaintiff should have the exclusive right to sell defendant's business for a period of ninety days and expressly agreed to pay plaintiff a commission of ten per cent. of the selling price if the business was sold within the ninety days, whether or not the buyer was procured by plaintiff.

The description of the business to be sold included a lease of the store premises for four and one-half years.

Defendant sold the business including the lease, within the ninety day period, to a purchaser procured by another broker, not the plaintiff.

Defendant contends that he did not understand the contract with the plaintiff, that the true contract was that plaintiff should receive his commission only if he procured the purchaser.   Also, that plaintiff expressly agreed to the sale through the broker who procured the buyer and thereby waived or modified the written agreement.   I find, as a fact, that the agreement was made as written, without any fraud

or mistake, and that there was no enforceable waiver or modification.

However, the plaintiff cannot recover. He is not a licensed real estate broker. The transaction included the sale of the lease for which no separate price was fixed. The transaction is not divisible. A leasehold is an interest in real estate within the meaning of *R. S.* 45:15–3; *N. J. S. A.* 45:15–3. See *Tamarin* v. *Fitzpatrick* (1925), 125 *Misc.* 823; 211 *N. Y. S.* 616.

Plaintiff's claim is barred by *R. S.* 45:15–1; *N. J. S. A.* 45:15–1. *Kenney* v. *Paterson Milk and Cream Co.* (*Court of Errors and Appeals,* 1933), 110 *N. J. L.* 141; 164 *Atl. Rep.* 274, is exactly in point. The only difference is that in the reported case the real estate was to be conveyed, presumably in fee. But the statute covers an interest in real estate as well.

Judgment will be entered in favor of the defendant.