Per Curiam.

The defendant has appealed from a lower court, judgment rendered in favor of the plaintiff in the sum of $3,935.64, upon an order granting plaintiff’s motion for summary judgment and denying the defendant’s cross motion to dismiss the complaint.
The action was instituted by the plaintiff landlord for breach of two leases. On December 1, 1967, the defendant, the tenant under certain leases of real property, with the plaintiff’s consent, assigned the leases for the balance of the terms of the leases which expired May 31,1970. The assignments reserved no right in the assignor to recover possession in the event of the assignees ’ default, and expressly provided that the assignor would continue to be responsible for the full performance of all the covenants of the leases of the assignor. In May, 1969, the assignee defaulted in payment of rent. The landlord commenced summary proceedings, to which the defendant was not a party, resulting in a final judgment awarding possession to the plaintiff. Warrants were issued and the Marshal placed the plaintiff in possession on July 8,1969.
The defendant paid the plaintiff an amount equal to the July rent, and then demanded possession of the premises. Upon the plaintiff’s failure to comply with the demand, the defendant refused to pay the August rent. The plaintiff then instituted the instant action, and the defendant answered by asserting as a defense that it was denied possession.
Both sides moved for summary judgment. The lower court granted summary judgment in favor of the plaintiff, holding, inter alia, that the refusal by plaintiff to allow the defendant re-entry and restoration to possession did not constitute a breach of the leases relieving it of its rental obligations.
*915 The defendant again urges, upon this appeal, that its obligations were discharged when it was denied possession, and argues that if the assignor remains liable as a tenant for rent, then the landlord must grant him quiet enjoyment of the premises.
There is no basis in law to support the appellant’s contention.
An assignment of a lease is defined as “ a transaction by which he [the tenant] transfers his entire interest in the whole or a part of the demised premises for the unexpired term of the original lease ” (2 N. Y. Law of Landlord and Tenant, § 506; see New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 266 N. Y. 254). It is distinguished from a sublease in that in the latter, the assignor reserves unto itself, a reversionary interest in the leasehold estate (1 Rasch, Landlord and Tenant and Summary Proceedings, § 35; Herzig v. Blumenkrohn, 122 App. Div. 756).
Here, clearly, the defendant assigned his estate and had no reversionary interest.
The original leases created a twofold privity: a privity of contract and a privity of estate. The former rests on the agreement between the parties; the second upon the interest in the real property leased (New Amsterdam Cas. Co. v. National Union Fire Ins. Co., supra).
The privity of estate was terminated when the defendant divested itself of all interest in the property by assigning all its rights therein without any reversion (Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87, 91). The privity of contract remained, and that could be terminated only by a showing “ that there was an express agreement by which the lessee was released from his covenant to pay the rent, or facts shown from which such agreement can be implied ” (Halbe v. Adams, 176 App. Div. 588, 590).
The express provision in the assignments under which the defendant was to remain liable for the covenants of the leases clearly establishes that it was not released from its covenant to pay the rent.
The appellant’s reliance on 220-228 Brook Avenue Corp. v. Zaft (151 Misc. 231) as authority for the argument that the assignor is a proper party in a summary proceeding, is misplaced. That holding was expressly disapproved in Radlog Realty Corp. v. Geiger (254 App. Div. 352) where the Appellate Division, First Department, held that the assignor out of possession is not a proper party to a summary proceeding.
Upon assigning the leases, the defendant surrendered its right to possession, and only its contractual obligations remained. The parties contracted with respect to their rights after the termination of their landlord and tenant relationship. There is *916 no question that such agreements are enforceable (Hermitage Co. v. Levine, 248 N. Y. 333; International Pub. v. Matchabelli, 260 N. Y. 451, 454). By their leases they agreed that the defendant’s liability would survive a re-entry or dispossess by summary proceeding (par. 18), and no provision was made requiring the defendant to have possession as a condition for imposing such liability. Absent such agreement, there is no basis to the defendant’s claim that its obligations were discharged.
The issue as to mitigation of damages was not raised in the court below or by the appellant on this appeal. It is settled that although an appellate court may have power to grant such relief as the court below should have granted (CPLR 5522), it exercises such power, except- under unusual circumstances not present here, by determining only questions raised on appeal (Malus v. Sperry-Rand Corp., 2 A D 2d 877; Gordon v. City of Albany, 278 App. Div. 233); and it does'not consider questions not raised below (Baker v. Topping, 15 A D 2d 193; Vaughan v. Globe Neon Sign Co., 13 A D 2d 625; Hirschberg v. Bertal Textile Co., 238 App. Div. 338; Atlantic Basin Iron Works v. American Ins. Co., 222 App. Div. 608, 614; 10 Carmody-Wait 2d, New York Practice, § 70:300, p. 563).
The sole question presented here was one of law as to the right of the assignor of a lease to possession after a default by his assignee. The court below correctly decided that issue, and there is no compelling reason to seek grounds for reversal other than those raised by counsel for the appellant.
The judgment should be affirmed, with $10 costs.