Budd G. Goodman, J.
In this holdover proceeding, the petitioner, Nipet Realty, Inc., seeks to evict the respondent, Melvin’s Restaurant & Bar, Inc., claiming that the respondent “ heretofore assigned said lease to the Gerard Monahan Corp., which party assignee surrendered the lease by agreement with the landlord, wherefore respondent has no standing with respect to the premises.”
The petitioner and the respondent entered into a leasehold agreement in August of 1966 whereby the petitioner leased to the respondent a store located at 1702 Second Avenue, New York City, to be occupied by a bar and restaurant, to commence November 1,1966 and to end October 30,1976 at $500 per month for the first three years, $550 per month for the fourth year, $575 per month for the fifth year, and $650 for the next five years. The lease contained a provision that 1 ‘ the tenant may *791 assign this lease only by written consent of landlord which such consent the landlord shall not unreasonably withhold.”
It appears that sometime after the inception of the leasehold term, the respondent sold the bar and restaurant to one Mack Cohn and the 1702 Second Avenue Corp., and also assigned the leasehold estate to them. The terms of that sale and assignment were not adduced at the trial, except that the landlord consented to the assignment in writing and collected rent from the 1702 Second Ave. Corp. What happened thereafter is not clear, but sometime later the respondent was in a position to again sell the bar and restaurant and to assign the leasehold, this time, to the Gerard Monahan Corp., on March 3,1969.
The respondent took back a chattel mortgage on the fixtures and personalty contained in the restaurant and bar, and at the same time the Gerard Monahan Corp. reassigned the leasehold back to the respondent as further security for the payment for the bar and restaurant. The assignment and reassignment were offered into evidence by the petitioner, who obtained them from the* Monahan Corp.
Thereafter, the petitioner accepted the Gerard Monahan Corp. as its “ tenant ” and dealt with it and collected a rental slightly in excess of the terms of the lease. No new written lease was entered into between them, although one had been prepared but not executed.
In February of 1971, the Gerard Monahan Corp. defaulted on its obligations, and the respondent apparently foreclosed on the bar and restaurant, entered the premises, and then tendered rent to the petitioner in the amount of $650, which was rejected.
Petitioner’s position in its memorandum is contrary to its allegation in the petition. Petitioner now urges that no valid assignment took place between the respondent and the Gerard Monahan Corp., in that, by bypassing the strict terms of the lease requiring the landlord’s written consent, it terminated both the privity of contract and the privity of estate that existed before the alleged “ assignment.” With this, the court cannot agree.
An assignment in violation of a restriction in the lease is not void. It is voidable and passes an estate subject to the consequences of the breach. Therefore, unless the landlord chooses to void the assignment, the assignment is valid, privity of estate results, and the assignee is liable thereunder. (Liebmann’s Sons Brewing Co. v. Lauter, 73 App. Div. 183.)
Furthermore, the written consent to the first assignment obviated the necessity for consent to further assignments by the 1702 *792 Second Avenue Corp. or any other assignee (Lynch v. Joseph, 228 App. Div. 367).
In any event, the allegation of the petition is controlling on the theory of the petitioner’s case. By so alleging, the petitioner showed its knowledge of the terms of the prior assignment to the 1702 Second Avenue Corp. That original assignment, standing alone, would have terminated the estate of the respondent. (Howard Stores Corp. v. Robison Rayon Co., 64 Misc 2d 913, affd. 36 A D 2d 911.)
Apparently there was more to that assignment, for petitioner alleges that the respondent again assigned the lease, this time without consent. However, the petitioner’s allegation that ‘1 the party assignee surrendered the lease by agreement with the landlord ”, together with all of the evidence adduced at the trial, clearly shows that the landlord had knowledge of the entire transaction between the respondent and the Gerard Monahan Corp.
What effect then did the assignment to Monahan and the reassignment back to the respondent have with respect to any estate in the leasehold that the respondent may have?
It is urged by petitioner that a right of reverter upon breach of conditions or covenant does not give the assignor (respondent) , upon the assignee’s default, the option to re-enter the leased premises for the balance of the leasehold term. The petitioner in this respect is quite correct. (Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87.)
However, what the respondent has done in this instance, although quite inartistically, is to have taken back from the Gerard Monahan Corp., what this court determines is a chattel mortgage on the leasehold in order to secure the entire transaction. (Rodack v. New Moon Theatre, 121 Misc. 63.) A leasehold is a chattel real, and is personal property. (Real Property Law, former § 33; Rodack v. New Moon Theatre, supra.) A mortgage on a chattel real need not follow any particular form (Real Property Law, § 273).
A chattel mortgage, unlike a mortgage on real property, works a present transfer of the legal title to the mortgaged property, defeasible by payment of the indebtedness it is given to secure. (Barret Mfg. Co. v. Van Ronk, 212 N. Y. 90.)
Therefore, a mortgagee of a leasehold is an assignee of a leasehold and, except for the possibility of a defeasance before the due date of the indebtedness, or a redemption after a default in payment of the indebtedness, the mortgagee is the absolute owner of the leasehold. If the mortgagor (Monahan) continues *793 in possession after he has mortgaged his leasehold, he does so as the agent of the mortgagee. (Rodack v. New Moon Theatre, supra.)
Although the chattel mortgage on the leasehold was not recorded, that would not affect the relationship between respondent and petitioner (Beal Property Law, § 290, subd. 1) but might have affected the respondent with respect to purchasers of the landlord’s property or creditors of the landlord.
The agreement between petitioner and the Gerard Monahan Corp. for an increased rental was at best a gratuitous payment from Monahan, or a month-to-month tenancy, since it was not reduced to writing (Beal Property Law, former § 259).
Thus, the court finds the oral agreement between the petitioner and the Gerard Monahan Corp., although ratified or acquiesced to by the respondent, did not destroy the leasehold estate held by the respondent as mortgagee thereof. "What the result would have been had that agreement been reduced to writing, is not for this court to decide.
Accordingly, the petition is dismissed.