ANGELO FERRI and AIDA FERRI, Appellants, *v.* BEATRICE TAYLOR, Respondent.

First Department, December 1, 1922.

**Landlord and tenant — action to recover back purchase price paid for lease — lease to defendant provided against assignment without owner's consent — lease by defendant to plaintiffs constituted assignment of defendant's lease — disputed question whether owner consented to assignment — plaintiffs entitled to recover payment.**

In an action to recover back the purchase price paid by the defendant for the purchase of a lease, it appeared that the defendant's lease contained a provision prohibiting its assignment without the consent of the owner of the property; that the defendant agreed to sell his lease to the plaintiffs and pursuant to such agreement delivered to the plaintiffs a lease which in all respects except as to the names of the parties was the same as the lease from the owner to the defendant, beginning and ending on the same dates, without any reversion in the defendant at the end of the term. *Held*, that under the circumstances, the lease from the defendant to the plaintiffs was an assignment.

Inasmuch as no written consent to the assignment was obtained from the landlord, and there is a dispute as to whether his consent was otherwise obtained or as to whether he waived a covenant against assignment, the plaintiffs are entitled to recover the purchase money back, for the necessity of a lawsuit to establish title constitutes a cloud upon the title of the plaintiffs.

APPEAL by the plaintiffs, Angelo Ferri and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on or about the 19th day of December, 1921, upon the decision of the court rendered after a trial at the New York Special Term.

*Frederick T. Case* of counsel, for the appellants.

*Isidor Cohn* of counsel, for the respondent.

FINCH, J.:

This action was brought to recover back the purchase price paid by the plaintiff to the defendant for the purchase of a lease on premises situate in the city of New York. The defendant was a lessee under a lease providing against assignment without the owner's consent. The defendant agreed to sell the lease to the plaintiff and pursuant to such agreement delivered to plaintiff a lease which in all respects, except as to names of the parties, was the same as the lease from the owner to the defendant, beginning and ending on the same dates, without any reversion in the defendant at the end of the term. Under such circumstances, the lease from the defendant to the plaintiff was an assignment. (*Herzig* v. *Blumenkrohn*, 122

App. Div. 756.) No written consent to this assignment was obtained from the landlord and his position is that he has not consented. Defendant claims that a conversation was had in which the landlord consented, but the defendant alleges in the answer that the lease in question was merely a sublease and claims that, therefore, the owner's consent was not necessary. The court nevertheless has found that the owner consented to the assignment and also has held that there was a waiver by the owner of the covenant in the defendant's lease against assigning. It is to be noted, however, that whether there was an oral consent or waiver is in dispute and would have to be proven by the plaintiffs in litigation with the owner. The necessity of a lawsuit to establish title constitutes a cloud upon the title of the plaintiffs whether the purchase is a leasehold or a freehold and the latter are not required to buy a lawsuit. (*Moore* v. *Williams,* 115 N. Y. 586.) It has been established for many years as a rule of equity that upon a sale of a leasehold interest, the vendor was bound to show not only that he owned the lease and had authority to sell it, but that the original lessor had power to create the term. In the old case of *Lloyd* v. *Crispe* (5 Taunt. [1813] 249) Chief Justice Mansfield said (at p. 256): "After making the agreement the plaintiff and the defendant went together to the lessor to request him to accept the plaintiff as his tenant, which he refused to do; and consequently it became impossible for the plaintiff to take possession of the premises; and he brought this action to recover the deposit of 50*l.* On the trial no fraud appeared on the part of the defendant, nor was there any evidence on his part of an engagement to obtain the consent of the landlord to the assignment. My impression was, that the defendant had only agreed to part with his interest in the term as far as he was able so to do; and I have doubted even since, whether the obligation upon him could be carried further; but my brethren are clearly of opinion that the plaintiff not being able to enjoy the premises, and having paid the deposit of 50*l* for nothing, may recover it back again; and that it was the business of the defendant to obtain the landlord's consent. I still retain my doubts upon the subject, but I submit to their opinion." Later also in *Purvis* v. *Rayer* (9 Price, 488, 519) the court said: " Why then is a purchaser bound to take a lease for a term of years, in equity or honesty, although after he have paid the purchase money, it may not last an hour? " (See, also, *Burwell* v. *Jackson,* 9 N. Y. 535, and *Wallach* v. *Riverside Bank,* 206 id. 434.)

The judgment should be reversed, with costs, and plaintiffs have judgment for the $2,000 paid the defendant, with interest from the date of payment; the notes and chattel mortgage and

lease from the defendant to the plaintiffs to be surrendered for cancellation.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiffs as stated in opinion. Settle order on notice.