SAMUEL GREENE, Respondent, *v.* BARRETT, NEPHEWS & COMPANY, and Others, Appellants.

Second Department, October 26, 1923.

**Vendor and purchaser — action to recover back money paid by vendee on contract — objection by plaintiff to title based on failure of vendors to secure consents to assignment of leases — vendors not required by contract to secure consents — transfers from old corporation to reorganized corporation not violation of consent clause in leases.**

In an action to recover back money paid on a contract for the sale of the property and good will, including leases, of a defunct corporation based on the ground that the title was unmarketable because the vendors, trustees in liquidation, had not procured consents by the several lessors to the assignment of the leases, a fair construction of the contract entered into between the parties discloses no obligation resting upon the vendors to procure the consents of the various lessors to a sale or assignment of the leases.

Furthermore, the clause in the leases against assignment without consent would not be violated in this case by a transfer to the plaintiff, since it appears that no real change of tenant was anticipated by the transaction, but that the sale was to be made to the plaintiff for the benefit of a new corporation organized with the same name as the defendant which was to take over the entire plant and business of the defendant and carry it on under the control of the plaintiff.

APPEAL by the defendants, Barrett, Nephews & Company and others, from a judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of Richmond on the 13th day of November, 1922, upon the decision of the court, rendered after a trial at the Richmond Special Term, and also from an order entered in said clerk's office on the 13th day of November, 1922, granting the plaintiff an extra allowance.

*Alfred T. Davison* [*James K. Foster* with him on the brief], for the appellants.

*Otto C. Sommerich* [*Maxwell C. Katz* with him on the brief], for the respondent.

MANNING, J.:

The action was brought to recover moneys paid as earnest money upon a contract made by the individual defendants for the sale of the property and assets of the defendant Barrett, Nephews & Company, Old Staten Island Dyeing Establishment, and damages by way of counsel fees amounting to $6,000, and other expenses amounting to $1,122.55. Upon the trial the items of damage consisting of counsel fees and expenses were withdrawn, and the action was tried solely for the purpose of recovering the earnest money.

The complaint alleges that the parties had entered into a contract for the sale of the property mentioned and described in the schedule annexed thereto for the sum of $410,000, less an allowance of credit of $10,000; that the plaintiff paid $40,000 in cash and was entitled to a credit of $10,000 theretofore paid to said defendants. A reference to the schedule annexed to the complaint discloses that in addition to the real property to be sold, there was also to be transferred the plant, tools, machines, machinery, fixtures, automobiles, horses, wagons, leases, trade marks, trade names, business names, books of account, invoices, stationery, advertising matter, good will, stock of materials, etc., and any and all other assets belonging to or used in the business.

The complaint further alleged that the defendants were unable to convey a good title to the property agreed to be sold, and specified some forty-one objections which the plaintiff claimed justified him in refusing the title. On the trial of the case all but one of these objections were disposed of. The learned trial judge in his opinion (119 Misc. Rep. 223) confined his discussion regarding the merits of the case to the second and only remaining objection to the title, namely, that there were no consents procured by the defendants to the assignments of leases covering property occupied by them. That question is the only one which merits serious discussion on this appeal.

The court held this objection to be substantial, and upon that

theory ordered judgment for the plaintiff. We cannot agree with his conclusion in view of the facts shown by the record in this case. A fair construction of the contract entered into between the parties discloses no obligation resting upon the defendants to procure the consents of the various lessors to a sale or assignment of the leases referred to. The object of the contract of transfer was to sell to the plaintiff the entire business and property of the old corporation of Barrett, Nephews & Company, Old Staten Island Dyeing Establishment, and the leases were included as part of the entire business. These leases affected properties which belonged to or were used in the business of the defendants. The proof shows that in addition to the bill of sale executed by the defendants, some twenty-three assignments of leases were prepared and tendered in connection therewith. Under these assignments the transfer of the various leases was complete and effectual. Such assignments were not void, but merely voidable, and then only by an act of re-entry by the landlord. (*Liebmann's Sons Brewing Co.* v. *Lauter*, 73 App. Div. 183; *Chautauqua Assembly* v. *Alling*, 46 Hun, 582; *Storms* v. *Manhattan R. Co.*, 77 App. Div. 94, 98; affd., 178 N. Y. 493; *Pratt* v. *Clark*, 118 App. Div. 633.) A reading of the record shows, practically without dispute, that in this particular case there was to be no real change of the tenant. Under the contracts between the contending parties the transfer of the business and assets, including the leases in question, was to be to the new corporation — Barrett, Nephews & Company, Old Staten Island Dyeing Establishment — and the plaintiff was to acquire the stock and control of such new corporation. While these leases nominally ran to the old corporation, there was, in fact, no such corporation, and hence the leases were made by and belonged to the individual defendants as trustees in liquidation, and the assignments were to be to the new corporation, with the same name and the same assets, and with the evident intent and purpose to carry on the same business. Under these circumstances I do not see how any claim can be made that the transfer of the stock and the business to the new corporation could by any possibility be construed into a violation of any clauses against assignments contained in the leases. The case of *Roberts* v. *Geis* (2 Daly, 540), cited by the learned trial justice in his opinion, is not applicable to this case. *Roberts* v. *Geis* was a case where one party agreed to sell or assign a particular lease. In the present case the plaintiff had agreed to buy an entire going business, and the leases were only an incident or a part thereof. In *Roberts* v. *Geis* there was no question but that there would have been an actual change of tenants. In the present case there was to be, in

fact, no change of tenants. The case of *Ferri* v. *Taylor* (203 App. Div. 719) was an action brought to recover back the purchase price paid to the defendant on the sale of a lease. There was no written consent to the assignment obtained from the landlord, and there was a dispute in the record as to whether his consent had been obtained, or whether he had waived the covenant against assignment. In the case before us no such situation appears, for there is no evidence that any landlord had ever refused to assent to the transfer of a lease. All that the contract called for was a transfer to the plaintiff of such leases as the defendants held, and that this was done is undisputed. This being the situation, we conclude that the second objection raised by the plaintiff to the defendants' title cannot be sustained.

The judgment and order appealed from should be reversed on the law and the facts, and the complaint dismissed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

Judgment and order reversed on the law and the facts, and complaint unanimously dismissed, with costs.