UNION TRUST COMPANY OF ROCHESTER, Plaintiff, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and Others, Defendants.

Supreme Court, Monroe County, July 11, 1935.

*Harris, Beach, Folger, Bacon & Keating,* for the plaintiff.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave,* for the defendant Austin G. Morris.

*Weldgen, Newton & Boyle,* for the defendant The Prudential Insurance Company of America.

LOVE, J.   No authority in this State directly dealing with the question herein involved has been cited.

The original defendant, The Prudential Insurance Company of America, has brought into the action the other defendants, Morris, under section 271 of the Civil Practice Act. Our courts have held that that section should be construed in conformity with the construction placed upon it by the English courts as the section is taken from the English Practice Act.

Authorities are cited by the movant under section 193, subdivision 2, as analogous.   That provision is made to cover the situation where a party to an action shows that some third party, not then a party, is or will be liable to such party wholly or in part for the claim made against such party in the action.   This relates to *any party* in the action.

Section 271 provides for a counterclaim set up by a *defendant* which raises question between *himself and the plaintiff, along with other persons.*

Plaintiff herein sued the insurance company in three causes of action on policies on the life of defendant Austin G. Morris, in which policies defendant Jane T. Morris was beneficiary.   The policies were assigned to plaintiff by the defendant Austin G. Morris with written consent of the beneficiary, the defendant Jane T. Morris.

Defendant insurance company answered denying the payment of premiums, demand for payment of cash surrender value and refusal to pay and denying the alleged assignment of the policies by defendant Austin G. Morris and consent of defendant Jane T. Morris.

For separate and further defense and by way of counterclaim for a judgment declaring the rights and other legal remedies of the parties, defendant insurance company, under section 271 of the Civil Practice Act, brings in the four defendants Morris, and sets forth a cause of action by which it is claimed a trust was set up for defendants Jane T. Morris, William H. Morris and Jane Elizabeth Morris, with a change in the insurance policies which took away the right of the insured to change the beneficiaries which became irrevocable; that this was done before the assignment of the policies;

that the policies were in good standing as paid-up term policies or automatic extended insurance for seven years and one hundred and ten days from April 10, 1933, and that the policies are now in force and effect as automatic extended insurance for the face amounts.

The plaintiff sued for the cash surrender value within three months of April 10, 1933, when premium payments by defendant Austin G. Morris ceased. The assignments were made on November 24, 1930.

Defendant insurance company claims the assignments are void and unenforcible by the plaintiff which acquired no interest whatsoever by them.

Defendant Morris answers generally to the same effect admitting all the allegations of defendant insurance company in its counterclaim numbered " IV " through " XXII." He then in a counterclaim again repeats seven paragraphs of the defendant insurance company's counterclaim, asserts and demands damages of $2,850 against the plaintiff.

His demand, among other things, is for judgment adjudging that title is vested in Jane T. Morris, William H. Morris and Jane Elizabeth Morris irrevocably.

I do not see how he can recover anything from plaintiff. All his contentions are made by the defendant insurance company in its pleading against plaintiff and the plaintiff and defendant shall contest those issues.

Under the circumstances, though the matter seems unsettled, I am of the opinion that the motion should be granted, without costs.

Let an order enter accordingly.