SPORT-CRAFT, INC., Plaintiff, *v.* GARMENT CENTER CAPITOL, INC., Defendant.*

Supreme Court, Special Term, New York County, February 17, 1938.

*Arnstein & Levy,* for the plaintiff.

*Pfeiffer & Crames,* for the defendant.

*David Geiger* [*I. Gainsburg* of counsel], for the Louis Adler Realty Company.

SCHMUCK, J. Upon further consideration of this matter and after informal discussion with counsel it appears that the sole proposition for consideration by the court referred to the counter-

* Affd., 254 App. Div. 669.

claim and that the general discussion regarding the entire pleadings was not had for the purpose of having a judicial determination of the sufficiency of the complaint and answer as a whole. In consequence, it being agreeable to counsel involved, the decision herein is recalled and modified in the following manner. Likewise, the orders entered herein are vacated and new orders are entered in accordance with this final decision.

These two motions, numbered 2327 and 2333, evoke consideration of the relief provided by section 473 of the Civil Practice Act and rule 212 of the Rules of Civil Practice. All parties to the litigation demand that by decree the court declare the rights and responsibilities prevailing between them in their present controversy. Inspecting the papers submitted herein, it appears that plaintiff is a tenant under a written lease with the defendant Garment Center Capitol, Inc., expiring February 1, 1940. Desiring to avail itself of a provision in the indenture of demise, it called upon the landlord to consent to a subletting. This the defendant refused to give, asserting that the proposed sublessee was not acceptable. Seeking release from this impasse plaintiff instituted suit, in which defendant interposed, not only wholesale denial, but also separate defenses and a counterclaim whereby it sought to interject another party, Louis Adler Realty Company, as the real instigator of the controversy. Directing their attacks against this counterclaim, plaintiff and Louis Adler Realty Company insist that it does not comply with section 271 of the Civil Practice Act, and fails to propose a situation calling for the remedy of a declaratory judgment. In determining the respective rights and contentions of the litigants, it is deemed advisable in the first instance to consider the application of Louis Adler Realty Company for a dismissal of the counterclaim. For two reasons approval must be granted this application. In the first place the alleged counterclaim is not one within the purview of section 271, and, secondly, it fails to state facts warranting a declaratory judgment. Remembering that this procedure is relatively novel and finds its origin in English procedure, our courts have diligently searched English authorities and, as near as possible, have followed their construction in applying its remedy. (*Union Trust Co. of Rochester* v. *Prudential Ins. Co.*, 156 Misc. 355.) Accordingly, so far as is here involved, it has been held that in order to be available it must be alleged that the counterclaim applies as well to the plaintiff as to the party sought to be added. *Williams* v. *Tompkins, Inc.* (208 App. Div. 574, 581) holds that: " The English authorities seem in accord in holding that a defendant may not, under such practice provision, join as parties those liable separately from the plaintiff; and that where alternative relief is

asked against the persons sought to be brought in, they are not persons liable along with the plaintiff within the purview of the statute. * * * ' * * * " Along with " does not mean diversely from or separately from, but means what it says.' " No joint theory of obligation against plaintiff and Louis Adler Realty Company can possibly be spelled out of the facts alleged in the counterclaim, and, in consequence, it does not come within section 271 of the Civil Practice Act. Again, a close study of the plea fails to establish any cause against Louis Adler Realty Company. The most liberal interpretation given the counterclaim, as should be given on an application of this character, fails to establish any liability on the part of the realty company to the landlord. In no sense can the arrangement between plaintiff and movant be considered as a subletting. At best it only involved the payment of rent by the realty company, or, in other words, to hold the plaintiff safe from that obligation. It is no concern of the landlord how the tenant procures the rent. So far as the landlord is concerned it is all one whether the money is that of the tenant, borrowed money, or a gift. Furthermore, even assuming that the agreement between plaintiff and Louis Adler Realty Company was an assignment, it was merely voidable (*Greene* v. *Barrett, Nephews & Co.*, 206 App. Div. 400) and not void, and, therefore, no breach as contemplated by the lease was committed.

As an effort to procure a declaratory judgment the counterclaim is inept. (*James* v. *Alderton Dock Yards*, 225 App. Div. 675; *Slowmach Realty Corp.* v. *Leopold*, 236 id. 330, 333.) In *Slowmach Realty Corp.* v. *Leopold*, Mr. Justice TOWNLEY, writing for the Appellate Division of this Department, states that " It was never contemplated that a counterclaim for a declaratory judgment should be a request for a declaration that certain legal defenses are sufficient." Ergo, the counterclaim being an iteration of the three affirmative defenses, and patently seeking a declaration of their sufficiency, cannot evoke the salutary effect of section 473 of the Civil Practice Act. The motion of Louis Adler Realty Company for a dismissal of the counterclaim as against it is consequently granted.