■ ARROW LOUVER & DAMPER CORP. et al., Appellants, et al., Plaintiffs, v NEWSDAY, INC., Respondent. — Appeal from order, Supreme Court, New York County (Shainswit, J.), entered May 29, 1981, dismissed, without costs, that order having been subsumed in the judgment entered thereon. Judgment of the same court and Justice, entered June 15, 1981, modified, on the law, with costs, to substitute, for the first decretal paragraph thereof, by which the complaint was dismissed, a decretal paragraph to declare that defendant-respondent is not obligated or bound to pay plaintiffs-appellants pursuant to the subcontracts entered into between plaintiffs-appellants and Peck-Morse/Diesel, and otherwise affirmed for the reasons stated by Justice Beatrice Shainswit at Special Term. "It was error * * * to dismiss the complaint in this action for a declaratory judgment merely because the plaintiffs were not entitled to the declaration sought by them." (*Lanza v Wagner,* 11 NY2d 317, 334), and "the motion [for summary judgment dismissing the complaint] should be taken as defendant's motion for a declaration in [its] favor and treated accordingly." (Seigel, New York Practice, § 440, p 584.) (See, also, 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.13, p 30-97.) Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Lupiano, JJ.

■ MARTIN SANDERS et al., Respondents, v FREDERICK M. WINSHIP et al., Defendants, and JOANNE WINSHIP et al., Appellants. — Order, Supreme Court, New York County (Nadel, J.), entered September 21, 1981, denying motion to dismiss by Mrs. Frederick M. Winship, reversed, on the law, and motion to dismiss granted, without costs. Order, Supreme Court, New York County (Tyler, J.), entered August 24, 1981, denying motions of members of the board of directors of 417 Park Avenue Corporation to dismiss, affirmed, without costs. Defendants appeal from orders at Special Term denying their motions to dismiss the complaint in an action brought under section 19-a of the Civil Rights Law. Subdivision 1 of that section provides that: "No corporation formed for the purpose of the cooperative ownership of real estate within the state shall withhold its consent to the sale or proposed sale of certificates of stock or other evidence of ownership of an interest in such corporation because of the race, creed, national origin, or sex of the purchaser." A "corporation" is defined as including "the cooperative management, cooperative tenants, cooperative shareholder, or any appointee or successor in interest of a corporation" (subd 2). Mrs. Winship, wife of a co-operative shareholder, moved to dismiss on the ground that she herself is not a shareholder, officer or director of the co-operative corporation. We do not agree with Special Term that Mrs. Winship is a co-operative tenant within the meaning of subdivision 2, and accordingly reverse the order denying her motion to dismiss, and grant that motion. The members of the board of directors similarly moved to dismiss on the ground that subdivision 2 does not specifically refer to members of the board of directors of a co-operative corporation. However, we are in agreement with Special Term that the board of directors of a co-operative corporation is an integral part of the co-operative management and thus within the scope of the statute. (Cf. Business Corporation Law, § 701.) Concur — Sandler, J. P., Carro, Silverman, Bloom and Fein, JJ.