■ CHARLES A. LA TORELLA, JR., Appellant, v JOHN J. HALLISSEY, Respondent.—In an action (1) for a judgment declaring that the purported sublease between the defendant and the plaintiff, dated August 7, 1984, and the purported extension thereof, dated April 15, 1985, are void, (2) to recover damages for breach of contract and fraud, and (3) for an injunction enjoining the defendant from commencing any separate action in any court against the plaintiff involving the purported sublease between the defendant and the plaintiff, the plaintiff appeals from an order of the Supreme Court, Queens County (Bambrick, J.), dated February 11, 1986, which granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for partial summary judgment.

Ordered that the order is modified, on the law, (1) by deleting so much of the first decretal paragraph as dismissed the plaintiff's complaint in toto, and substituting therefor a provision declaring that the sublease between the parties dated August 7, 1984, and its extension dated April 15, 1985, are valid and are not void or unenforceable, and dismissing the remaining causes of action set forth in the complaint, and (2) by deleting the second decretal paragraph and substituting therefor a provision that the plaintiff's cross motion for partial summary judgment is granted insofar as it sought dis-

missal of the defendant's counterclaim to recover damages for abuse of process, and is otherwise denied; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff argues that his sublease with defendant was void because: (1) it was made at a time when the defendant had not yet signed a lease and, thus, was merely a tenant-at-will who had no right to sublet, and (2) the defendant never obtained the owner's written consent to the sublease as required by his lease with the owner. Both these arguments lack merit. While they might have constituted grounds for the owner seeking to void his lease with the defendant, they do not establish any right which the plaintiff could independently assert (cf., Landon v Townshend, 129 NY 166, 178; Kassover v Gordon Family Assocs., 120 Misc 2d 196, 198; Nipet Realty v Melvin's Rest. & Bar, 67 Misc 2d 790, 791; Sport-Craft, Inc. v Garment Center Capitol, 167 Misc 425, 427, affd 254 App Div 669).

This is especially true in the instant case where it is undisputed that the owner has never threatened to evict the plaintiff or to commence any legal proceeding against him or the defendant with respect to either the main lease or sublease. To the contrary, the record indicates that the owner had given its permission for the sublease, although not in written form, and had openly recognized the validity of the sublease by placing the plaintiff's name on the directory board in the lobby of the building and leasing him a reserved parking space in the building's rear lot. Accordingly, the court properly determined that the causes of action set forth in the plaintiff's complaint presented no triable issue of fact, and defendant was entitled to judgment as a matter of law (see, CPLR 3212 [b]; Andre v Pomeroy, 35 NY2d 361, 364; Hellyer v Law Capitol, 124 AD2d 782). However, the court committed a procedural error in dismissing the complaint in toto. Since the first cause of action was for a declaratory judgment, the court should not have dismissed this cause of action but, rather, should have issued a declaration in the defendant's favor (see, Lanza v Wagner, 11 NY2d 317, appeal dismissed 371 US 74, cert denied 371 US 901; Sporn v MCA Records, 88 AD2d 857, affd 58 NY2d 482; Arrow Louver & Damper Corp. v Newsday, Inc., 86 AD2d 513).

The court also erred in not granting the plaintiff's motion for summary judgment insofar as it sought dismissal of the defendant's counterclaim to recover damages for abuse of process. The only process issued by the plaintiff in this action was the summons and complaint. The defendant contended

that the commencement of plaintiff's action by service of the summons and complaint was an "abuse of process" because the action was frivolous and was designed to deliberately obscure the plaintiff's breach of the sublease with the defendant. It is well settled that the mere commencement of an action by service of a summons and complaint does not constitute an abuse of process (see, Curiano v Suozzi, 63 NY2d 113, 116-117; 305 E. 24th Owners Corp. v Parman Co., 122 AD2d 684, 690, lv granted 124 AD2d 503; Rebore v Pace, 115 AD2d 468, 469). Accordingly, the order is modified so as to grant so much of the plaintiff's cross motion for summary judgment as sought dismissal of the counterclaim to recover damages for abuse of process. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.