## TAYLOR *v.* WYNNE *et al.*

*(Supreme Court, General Term, Second Department.* February 10, 1890.)

JUDGMENT—LIEN—LEASEHOLD.

Though duly docketed, a judgment is not a lien on the judgment debtor's interest in the unexpired term of a lease having but two years to run, as Code Civil Proc. N. Y. § 1430, provides that the term "real property," as used in chapter 13, arts. 3, 4, relating to the execution sale of land, shall apply to leasehold property where the lessee or his assignee, at the time of sale, is possessed of "at least five years' unexpired term of lease."

Appeal from Westchester county court.

Summary proceedings, by Grant B. Taylor against Frank Wynne, Hannah Wynne, and others, to dispossess defendants, as tenants, of the possession of real property which had been sold by the sheriff of Westchester county on an execution against the lessees. In his petition, Taylor stated that Wynne had leased the premises in question for a term of five years, beginning April 1, 1885; that a judgment for $46.04 had been rendered against Wynne by a justice of the peace, a transcript of which was filed in the clerk's office for Westchester county on March 26, 1888; that on April 4, 1888, Wynne assigned his rights in and to the lease to his wife, Hannah Wynne; that on May 25, 1888, an execution was issued against Wynne's personal property, and against property in his hands as tenants, including the premises in question; and that at the sale under this execution the petitioner became the purchaser and owner of Wynne's leasehold interest. The county judge made an order dismissing the proceedings, and the petitioner appeals. Code Civil Proc. N. Y. § 1430, provides: "The expression 'real property,' as used in this and the succeeding article, [3 and 4,] includes leasehold property, where the lessee or his assignee is possessed, at the time of the sale, of at least five years unexpired term of the lease."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Grant B. Taylor, in pro. per. Francis Larkin,* for respondents.

PRATT, J. Only two years of the lease were yet to run. It was, therefore, not real estate, (Code, § 1430;) and the judgment docketed on March 26th was not a lien upon it. It follows that the assignment of the lease by defendant on April 4th carried a clear title to the assignee. The execution against defendant was not issued till May 25th. The lease was not at that time the property of the defendant in the execution, was not subject to the lien of the judgment, and the attempted sale upon the execution was ineffectual to vest any title in the vendee. All these facts appeared in the petition, which was properly dismissed. Order affirmed, with $10 costs and disbursements.