THOMAS HENDERSON, Plaintiff, *v.* JOHN D. TOMB, Defendant.

Supreme Court, Special Term, Chemung County, December 27, 1938.

*John E. Sullivan,* for the plaintiff.

*Levine & Cohn,* for Burton H. Shaffer, Lester E. Shaffer, Earl D. Egbert and William Owen, third parties, claimants.

PERSONIUS, J.   On July 27, 1938, the plaintiff entered a judgment in Chemung county against the defendant.   On August 15, 1938, an execution was issued and the sheriff, on August 23, 1938, levied on a lease made by Judson Gardner and others to the defendant John D. Tomb.   The third parties claim to own this lease under an assignment executed prior to the issuance of the execution.

The lease in question is recorded in volume 300 of Chemung County Records of Deeds at page 313.   It is for a term of five

years from July 19, 1938, to June 20, 1943. When the levy was made it had less than five and more than three years to run.

On August 12, 1938, the lessee-defendant Tomb assigned said lease to the third parties claimants. The assignment recites a consideration of $100, covenants that the "assigned premises" are free from incumbrance, and was recorded August 13, 1938, two days prior to the issuance of the execution and about ten days prior to the levy. Before the sale the third parties claimants filed with the sheriff an affidavit averring that the lease did not belong to the defendant Tomb but belonged to the third parties. This motion followed.

The levy was made by taking physical possession of the lease.

As we hold that the lease may be sold on the execution, notwithstanding the assignment thereof to the third parties, it becomes unnecessary to determine whether the assignment was given in good faith and for a valuable consideration. Were it necessary to determine that question it would, we think, be necessary to submit it to a jury (Civ. Prac. Act, § 696) or referee (§ 467).

The lease in question comes under the Recording Act. (Real Prop. Law, § 290, subd. 1.) It still had more than three years to run when the third parties took their assignment. The estate of the lessee defendant under said lease was a chattel real. (Real Prop. Law, § 33.) It was a chattel real regardless of the length of unexpired term.

The plaintiff's judgment when docketed became a charge upon the "real property and chattels real" of the defendant-lessee. (Civ. Prac. Act, § 510.) The judgment, therefore, became a lien on this lease and the interest of the defendant-lessee therein and thereunder. (*People ex rel. Higgins* v. *McAdam*, 84 N. Y. 287, 295; *Despard* v. *Churchill*, 53 id. 192, 199.)

Could this chattel real be sold under execution? "By our statutes a lease for years is called a chattel real. * * * It is not, however, real property, but is personal property." (*Rodack* v. *New Moon Theatre*, 121 Misc. 63, 70, 71.) Though *not* real property, the interest under a lease may be sold under execution *as* real property where the lessee is possessed of at least five years' unexpired term. (Civ. Prac. Act, § 708.) That section is contained among the provisions for the sale of real property on execution. Previous sections (684 *et seq.*) provide for levy upon and sale of personal property. Apparently the Legislature considered that a leasehold having an unexpired term of five or more years should be sold as real estate, upon the same notice, right of redemption, etc., as real property. Apparently the Legislature also considered that a leasehold having an unexpired term of less than five years

should be sold as personal property. In *O'Rourke* v. *Henry Prouse Cooper Co.* (11 Civ. Proc. Rep. 321) the defendant held a lease. Under an execution against the lessee the sheriff sold, as a chattel real, the interest of the lessee. The plaintiff became the purchaser. The court sustained the sale. It referred to section 1251 of the Code of Civil Procedure, now section 510 of the Civil Practice Act, and said (p. 324): " By the docketing of that judgment against [lessee], the plaintiff acquired a lien upon the lease of the premises in question." Referring to section 1430 of the Code of Civil Procedure, now section 708 of the Civil Practice Act, and pointing out that the lease had less than three years to run, the court continued: " The leasehold interest not being real property, it must be sold as personal property, and upon the sale under the execution the property sold vested immediately in the purchaser." (See, also, 8 Wait's N. Y. Practice [3d ed.], p. 36; 5 Carmody's N. Y. Practice, p. 3784.)

We conclude that the interest of a lessee for years is a chattel real, charged with any judgment docketed against him; that his interest is subject to sale under execution; that if the unexpired term is for five years or more it must be sold on the execution the same as real property; that if its unexpired term is less than five years it must be sold the same as any other personal property.

In passing, we note that this lease came within the Recording Act not only when it was given but also when the plaintiff's judgment was docketed and when the lease was assigned to the third parties claimants. During all that time its unexpired term exceeded three years. It was charged with the judgment when docketed, that is, the judgment became a lien thereon. The docket constituted notice to every one.

Of the cases cited by third parties claimants, in *Taylor* v. *Wynne* (8 N. Y. Supp. 759 and 10 id. 644) the lease apparently had less than three years to run and could not be sold *as real property* under section 708 of the Civil Practice Act, then section 1430 of the Code of Civil Procedure. The court made no reference to section 510 of the Civil Practice Act, then section 1251 of the Code of Civil Procedure. Likewise, in *United States Oxygen Co.* v. *Buge* (136 N. Y. Supp. 297) only the question of the right to sell *as real property* under section 1430 was considered. The court said (p. 299): " It seems to be conceded that the sheriff's sale of the lease can only be upheld if the interest sold could be sold as real estate." At page 301: " By virtue of section 1430 (now section 708), a judgment lien on a leasehold for a term of five years or more can be enforced by execution sale of real property, and a leasehold of a lesser term which at the time of the levy was owned by the judgment debtor can be sold as personal property."

As plaintiff's judgment was a lien on the defendant's leasehold interest, a chattel real, before the giving or filing of the assignment to the third parties claimants, we think the defendant's said interest can be sold under the execution. If any surplus results it, of course, will belong to the claimants by virtue of their assignment.

Submit .order accordingly.