RADLOG REALTY CORPORATION, Respondent, *v.* SOPHIE GEIGER, Appellant.

First Department, June 10, 1938.

*Abraham Buchman*, for the appellant.

*Joseph Logomasini*, for the respondent.

DORE, J. In a summary proceeding brought by the landlord for (1) possession of the premises 149 West Fourteenth street, New York, and (2) judgment for unpaid rent and water charges, defendant appeals by permission of this court from a determination of the Appellate Term affirming a final order of the

Municipal Court for delivery of possession and a judgment for $15,000 in favor of the landlord against this defendant.

The facts are not in dispute. On March 2, 1928, by written instrument, Emil Geiger, now deceased, and Sophie Geiger, husband and wife, leased from the petitioner, the landlord, premises 149 West Fourteenth street, New York, to be occupied only for renting furnished rooms, at a graduated rental for a term of nine years and five months commencing April 1, 1928, and ending August 31, 1937. The Geigers remained in possession and paid the rent until April 15, 1929, and on that date, with the written consent of the landlord, assigned the lease to Joseph Rendulic and Agnes Rendulic who immediately entered into possession and continued in possession when this summary proceeding was commenced.

In consideration of the landlord's permitting the assignment of April 15, 1929, it is not disputed that the Geigers on that date expressly agreed in an acknowledged writing, as follows: " We the undersigned agree to be and remain liable for the payment of the rent and other charges required to be paid by the tenants under said lease for the full term thereof as well as to be and remain liable for the full compliance with all of the covenants, terms and conditions of the said lease as if the said consent of the said Radlog Realty Corporation to assign the said lease had not been given and as if the undersigned had not made any assignment of the said lease to the said Joseph Rendulic and Agnes Rendulic."

The petition alleged arrears of rent accruing since April, 1931, in the total sum of $12,820 and unpaid water and other charges. Pursuant to section 1425 of the Civil Practice Act, the precept contained notice of demand for a money judgment in the sum of $16,720. The petition was verified May 17, 1937, and the precept issued May 22, 1937. Only Joseph Rendulic and Sophie Geiger were personally served. Joseph Rendulic defaulted.

Sophie Geiger, defendant herein, appeared and in her answer alleged as a defense that the Municipal Court was without jurisdiction to entertain the summary proceeding against her for any purpose whatsoever, on the ground that ever since April 15, 1929, more than eight years prior to the commencement of this proceeding, she and her co-lessee, Emil Geiger, deceased, had not been in possession of the demised premises.

At the trial the jury was waived by defendant's attorney, the " trial " consisted solely of argument of counsel, and no testimony was taken. Defendant's attorney contended that the Municipal Court was without jurisdiction to render any money judgment in favor of the petitioner against defendant because of the undisputed fact that defendant for over eight years had not been in

possession of the demised premises when this summary proceeding was commenced and made no claim of possession or objection to the issuance of a warrant therefor. The landlord's attorney contended that the Municipal Court had jurisdiction to grant the money judgment as demanded since the Geigers were the original obligors and though physically not in possession of the premises as tenants, at the time of the commencement of the summary proceeding were primarily liable under the express terms of the agreement above quoted.

Jurisdiction in summary proceedings to recover possession of real property is exclusively statutory. Section 1410 of the Civil Practice Act, relating to the removal of tenants in summary proceedings, so far as relevant, provides: " In either of the following cases; a tenant  *  *  *  may be removed  *  *  *: 1. When he holds over and continues in possession of the demised premises or any portion thereof after the expiration of his term without the permission of the landlord  *  *  *. 2. Where he holds over, without the like permission, after a default in the payment of rent  *  *  *; 3. Where  *  *  * he holds over and continues in possession  *  *  * after default in the payment  *  *  * of any taxes  *  *  * which he has agreed  *  *  * to pay."

The continued possession by the tenant of the demised premises or claim to possession by the tenant at the time of the commencement of the summary proceeding is an essential jurisdictional fact for the maintenance of such proceeding. As stated by this court in 1912 in *Warrin* v. *Haverty* (149 App. Div. 567): " We are of opinion that the court was without jurisdiction to make the order, for the uncontroverted evidence shows that the tenant was not in possession at the time the proceeding was instituted, and was not holding over or claiming any rights as a tenant of the premises. It is essential to the jurisdiction of the court to entertain a summary proceeding and to make a final order therein that the tenant should be in possession. (Code Civ. Proc. § 2231 [now Civ. Prac. Act, § 1410]; *Brown* v. *Mayor*, 66 N. Y. 385; *Ash* v. *Purnell*, 32 N. Y. St. Repr. 306; *Gallagher* v. *Reilly*, 31 id. 556; *Boehm* v. *Rich*, 13 Daly, 62.) "

The case relied on by the petitioner, *220–228 Brook Avenue Corp.* v. *Zaft* (App. Term, 1934, 151 Misc. 231), in so far as it indicates a ruling otherwise, cannot be approved.

Where jurisdiction of a summary proceeding is lacking by reason of the fact that the tenant was not in possession of the premises at the commencement of the summary proceeding or made no claim to such possession, no judgment for petitioner for the amount of rent found due can be given in the Municipal Court under section

1425 of the Civil Practice Act, since such incidental authority exists only in summary proceedings over which the Municipal Court has valid jurisdiction. Section 1425 is not a substitute for an action for rent based upon lessee's alleged breach of an agreement to be liable therefor where jurisdictional facts for the maintenance of a summary proceeding do not exist. In such case the landlord's remedy is an action at law for such sums as may be legally shown to be due under the agreement and in such action the issues may be determined; we do not pass upon such issues here.

The case of *Schulte, Inc.,* v. *Loft, Inc.* (271 N. Y. 420), also relied on by the landlord, is clearly distinguished on its facts. The court there stated (p. 426): " Loft now claims that the Municipal Court lacked jurisdiction to entertain the summary proceeding against it, since it was not in possession, having assigned to 104 West Forty-second Street Corporation. Schulte never granted permission for such an assignment. Schulte never accepted rent from or recognized 104 West Forty-second Street Corporation as its tenant. Schulte, therefore, had a right to disaffirm the purported assignment to 104 West ·Forty-second Street Corporation, to continue to treat Loft as its tenant *in possession* and to institute a summary proceeding against it upon its failure to pay the rent in compliance with the lease." (Italics ours.) Here the landlord expressly consented to an assignment and accepted rent from the assignee who remained in possession for over eight years.

The determination of the Appellate Term and the order and judgment of the Municipal Court should be reversed and summary proceeding dismissed for want of jurisdiction, with costs to the defendant in all courts.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Determination of the Appellate Term and the order and judgment of the Municipal Court unanimously reversed and summary proceeding dismissed, with costs to the defendant in all courts.