Abraham A. Berry, J.
This is a summary proceeding to recover possession of premises used as a parking lot and designated as “ the entire plot on the northwest corner of National Street ’’known as 42-14 National Street, Corona, Queens County, by reason of defaults in the payment of rent from January, 1966 to and including December, 1966 at the rate of $250 per month or a total of $3,000, and unpaid taxes paid by the landlords for the second half of the years 1961-62 and 1962-63, which, with penalties and interest, amounted to $1,451.09, or a total of $4,451.09.
Respondents Joseph and Frank Cirigliano entered into a lease with the landlords herein for a term of 10 years, commencing August 1, 1956 and expiring July 31, 1966. They assigned the lease on December 27, 1961 to Theodore J. Potash, the other respondent herein and the person in possession of said premises. On December 29, 1961 Potash executed a written agreement wherein he assumed the terms and obligations of the aforesaid lease and deposited the further sum of $750 as additional security to insure the performance of all the terms of the lease on Ms part to be performed. He remained in possession of the premises after the expiration of the lease and up to the time this proceeding was instituted. Demand was made upon Mm for payment of the afore-mentioned rent and unpaid taxes but not upon the respondents Cirigliano.
The latter appeared by attorney and interposed an answer which contained a general denial of various allegations in the *169 petition, and then set forth five separate and distinct affirmative defenses which included three counterclaims and a cross complaint against respondent Potash. Substantially, the first defense alleges that the lease executed in 1956 is null and void under the emergency rent laws in that the landlords failed to set forth the amount of the emergency rent and failed to comply with other provisions of the then emergency rent laws with respect to emergency rent. The second and third defenses and by way of counterclaim allege that there were two prior assignments to persons other than respondent Potash; that certain security deposits given by them were commingled with other funds of the landlords; that because of such commingling respondents Cirigliano had been damaged in the sum of the amounts of the securities given by the prior assignees. The fourth defense and by way of counterclaim also sets forth the same allegations with respect to the security deposited by Potash. The fifth separate and distinct defense claims that the extension of time of the payment of the taxes to which reference has been made was without the knowledge, permission or consent of the landlords and that by reason thereof the rights and remedies of the tenants against the assignee have been impaired and prejudiced.
The second, third and fourth defenses, including the counterclaims, are without merit. These moneys were not deposited by the tenants named in the lease and they are not entitled to any claims whatsover with respect to any failure to make deposits in accordance with the provisions of section 233 of the Beal Property Law as it existed when the assumption agreements were executed and the securities were deposited. Section 233 provided that “ whenever money shall be deposited or advanced on a contract for the use or rental of real property as security for the performance of the contract or to be applied to payments upon such contract when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance This provision has been incorporated in the present section 7-103 of the General Obligations Law. It is clear, therefore, that the tenants named in the lease have no rights with respect to any security which may have been deposited by the assignees of the tenants.
With respect to the first defense there was introduced in evidence at the trial a lease for a period of one year commencing August 1, 1949 and ending July 31, 1950 which provided for a rental at the rate of $250 a month and certain additional payments for insurance. There was no attempt to make any provi *170 sions concerning the emergency rent. Furthermore, the record is devoid of any evidence as to who was in possession of the premises between August 1, 1950 and August 1, 1956, except that there was an inference that the tenants Cirigliano continued in possession after the first lease expired until the execution of the lease commencing August 1, 1956 and thereafter until they assigned the leasehold. The lease itself was not void (see Whiting v. Tower’s Stores, 73 N. Y. S. 2d 334) but was unenf orcible in certain respects during the existence of the emergency. In view of the fact that the Emergency Commercial Bent Law (L. 1945, ch. 3, as amd.) expired in December, 1963, it is the opinion of the court that this remedy is no longer available to the tenants.
Bespondents Cirigliano contend that they were improperly brought in as parties to these proceedings. In Basch, Landlord and Tenant and Summary Proceedings (vol. 1, § 151, p. 140) the rule is stated as follows: “It is well settled that when a tenant assigns his lease, and the assignee holds over, such holding over is not that of the'tenant-assignor. Therefore the penalties for the assignee’s holdover will not be imposed on the assignor. If the assignee holds over, he alone will be held liable either as a trespasser or as a holdover tenant at the landlord’s election.” (Citing cases.)
At the conclusion of the trial the landlords, apparently recognizing that the original tenants could not be held liable or accountable for the rent for the entire period mentioned in the petition, sought judgment against them from January, 1966 to July, 1966 and the taxes paid by the landlords. The landlords are in effect seeking to enforce a contractual obligation against respondents Cirigliano in this summary proceeding to recover possession of the premises. This they may not do. Their remedy is to bring an action at law against the original tenants for the unexpired portion of the lease and the unpaid taxes. (See Radlog Realty Corp. v. Geiger, 254 App. Div. 352; S. Z. B. Corp. v. Weinman & Wynn, 53 N. Y. S. 2d 303; Nerak Realty Corp. v. Cargo Packers, 17 Misc 2d 930.)
The proceeding, insofar as it seeks judgment against the Ciriglianos, is dismissed without prejudice to such other remedies as the landlords may be advised to pursue. It will therefore not be necessary to pass upon the sufficiency of the fifth defense.
The cross complaint against the assignee Potash is dismissed without prejudice to tenants’ again interposing it against respondent Potash in any new action that may be instituted against them.
*171 Judgment is granted against the occupant now in default, namely, respondent Theodore J. Potash, for the possession of said premises and the entry of a money judgment for the sum demanded in the petition.