OPINION OF THE COURT
Richard F. Braun, J.
This is a summary proceeding for nonpayment of rent which was tried before this court. The subject building at 67 Wall Street, Manhattan, is not a multiple dwelling. The subject premises consists of part of the second floor and is used for commercial purposes only. Thus, the subject premises is not rent stabilized or rent controlled.
Petitioner is a Canadian bank which is authorized to do business in New York State. Petitioner leased the subject premises from its overlandlord for the purpose of relocating or establishing and maintaining a branch office there. Petitioner’s lease, dated July 31, 1969, with its overlandlord expires on October 31, 2001. By sublease, dated September 4, 1992, petitioner sublet to respondent subtenant part of the space *858 under the overlease from August 1, 1992, or the date on which certain criteria were satisfied, until October 30, 2001. Respondent subtenant entered into possession of the subject premises in August 1992, and was in possession thereof at the time of trial. Respondents undertenants are one former undertenant of respondent subtenant and several purported undertenants of respondent subtenant.
Under the lease between petitioner and respondent subtenant, the latter was to pay the former rent of $3,684 per month, plus added rent for electricity and labor escalations, for the months of May 1993 through February 1994. The total therefor is $47,659.07. Petitioner demanded rent of respondent subtenant by a proper three-day rent demand, pursuant to RPAPL 711 (2). Respondent subtenant has not paid any of the amount of $47,659.07 due to petitioner.
At the conclusion of petitioner’s prima facie case at trial, respondent subtenant moved to dismiss. The basis for the motion was that petitioner’s action in subleasing part of its space was ultra vires in that such a power is not specified in petitioner’s authorization from the New York State Banking Department to conduct business at the subject building. The authorization allows petitioner to transact "the business of buying, selling, paying or collecting bills of exchange, or of issuing letters of credit or of receiving money for transmission or transmitting the same by draft, check, cable, or otherwise, or of making loans, under the terms and conditions set forth in Section 201 of the Banking Law.” Petitioner contends that the subleasing of part of its space at the subject location is incidental to its banking business. On October 13, 1989, the New York State Banking Department approved of petitioner’s changing the location of its "agency” from the subject premises to another in Manhattan.
The defense of ultra vires is an affirmative defense, which must be pleaded. (Gordon Malting Co. v Bartles Brewing Co., 206 NY 528, 538 [1912].) Respondent subtenant did not do so. For this reason alone, the motion to dismiss must be denied, because the failure to raise an affirmative defense, as required by CPLR 3018 (b), results in a waiver of the defense. (Munson v New York Seed Improvement Coop., 64 NY2d 985, 986 [1985].)
Furthermore, respondent subtenant is not in a position to raise the defense of ultra vires. Respondent subtenant has received the benefits of the sublease by occupying the subject *859 premises and thus must abide by its terms by paying the rent due. (See, Diamond Match Co. v Roeber, 106 NY 473, 487 [1887].)
As to the merits of the ultra vires argument, petitioner has not acted beyond its corporate powers. Although petitioner has certain stated powers in its authorization to do business in New York State, pursuant to Banking Law § 200, there is no provision of law that prevents petitioner from subleasing its space. (See, Banking Law art 5.)
When a foreign banking corporation is authorized to enter our State to do business, it should have the power to sublet real property that it rents for its business if it signs a lease and for some reason must vacate all or part of its space before the lease expires. This is not an instance of a foreign banking corporation attempting to circumvent the limitations on its powers by entering the real estate business as a primary business purpose. Rather, here petitioner entered into a long-term lease from 1969 until 2001, and first sublet part of its premises to respondent subtenant in 1992. The New York State Banking Department approved petitioner’s moving of its place of business, and petitioner exercised its prerogative to move. Under the circumstances, petitioner’s subleasing of the subject premises was a necessary incidental power which petitioner should be permitted to utilize in order to be able to exercise its specified powers. (Gause v Commonwealth Trust Co., 196 NY 134, 144 [1909].)
Surely, the Legislature did not intend to limit the powers of a foreign bank doing authorized business in New York State by barring it from subletting real property that it was occupying, where subletting becomes necessary. To hold otherwise to the effect that a foreign bank would have to let the property sit fallow until the expiration of the lease term could discourage foreign banks from setting up establishments in our State. That would have a negative impact on our State’s economy and reduce the number of jobs available for our citizens. Such an outcome could not have been intended by the Legislature. Therefore, the motion also must be denied on its merits.
Respondent subtenant raises two further affirmative defenses and counterclaims, which relate to each other. One is that petitioner is equitably estopped from maintaining this proceeding because petitioner accepted rents directly from a former purported undertenant of respondent subtenant. The other is that respondent subtenant is entitled to an accounting of said rents.
*860 First, petitioner proved that it credited to respondent subtenant all rent checks that it received from the former purported undertenant of respondent subtenant, and respondent subtenant did not sustain its burden of proving that there were any rent checks to petitioner from the former purported undertenant other than those that petitioner introduced into evidence. Second, respondent subtenant did not sustain its burden of proof that it had a sublease with the former purported undertenant. Therefore, these affirmative defenses and counterclaims are dismissed with prejudice.
As to petitioner’s claims for possession against the respondent undertenants, the only evidence at trial was that none of respondent undertenants was in possession of the subject premises at the time of trial, and petitioner did not show that any of them was in possession at the time of the commencement of the proceeding. Therefore, as to respondent undertenants, this court has no jurisdiction. (Radlog Realty Corp. v Geiger, 254 App Div 352, 354 [1st Dept 1938]; see also, Brown v Mayor, Alderman & Commonalty of City of N. Y., 66 NY 385, 390-391 [1876].)
Therefore, petitioner is entitled to a final judgment against respondent subtenant of possession and for $47,659.07, plus costs and disbursements of $40. The proceeding is dismissed as to respondent undertenants. Petitioner’s attorney shall contact this court’s chambers or courtroom within 10 days of the date hereof to pick up petitioner’s exhibits; otherwise, they will be filed with the landlord and tenant clerk’s office.