■ DUN-DONNELLY PUBLISHING CORPORATION, Respondent, v KENVIC ASSOCIATES, Appellant. [639 NYS2d 42] ■

Plaintiff, the primary tenant of premises occupied by two subtenants, has withheld rent from defendant-landlord in a

dispute over the amount due under the lease. In the context of the present declaratory judgment action, plaintiff contends that defendant may not bring a Civil Court summary non-payment proceeding to collect the rent allegedly due because plaintiff is not presently in physical possession of the premises. Although it is true that the jurisdictional reach of Civil Court in summary non-payment proceedings extends only to matters in which the respondent retains a possessory interest subject to adjudication (*Radlog Realty Corp. v Geiger*, 254 App Div 352), we disagree with the plaintiff's contention that it has no such interest. Plaintiff has merely sublet the premises; it has not assigned its lease (*see, e.g., Radlog Realty Corp. v Geiger, supra*), nor has its entire possessory interest been otherwise terminated (*see, e.g., Deern Realty Corp. v Bronx Statutory*, 98 Misc 2d 642). The possessory interest retained by plaintiff as sublessor suffices to support the Civil Court's assertion of jurisdiction (*see generally*, 2 Rasch, Landlord and Tenant §§ 38:24, 38:25 [3d ed]). This being the case, and no other valid jurisdictional impediment to a non-payment proceeding having been raised, it is clear that the appealed order staying commencement of any such proceeding against plaintiff must be reversed and the stay vacated (*Scheff v 230 E. 73rd Owners Corp.*, 203 AD2d 151). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.