■ C & D Car Wash, Inc., Appellant, v Andrzej Mroczkowski et al., Respondents, et al., Defendants. [942 NYS2d 183]—

In an action, inter alia, to recover possession of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated February 8, 2011, as granted the cross motion of the defendants Andrzej Mroczkowski and Joanne Mroczkowski for summary judgment dismissing the action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In November 2004 the plaintiff, C & D Car Wash, Inc. (hereinafter C & D), leased certain premises from the defendants Andrzej Mroczkowski and Joanne Mroczkowski (hereinafter together the landlords) for the operation of a car wash. The lease permitted assignment with the landlords' written consent, which could not unreasonably be withheld. The lease also stated that an assignment would not release the assignor from its obligations as tenant. Finally, the lease provided that if the tenant moved out or was dispossessed and failed to remove any trade fixtures or other property prior to execution of the warrant of eviction, then those fixtures and property would become the property of the landlords.

In June 2007 C & D sold the business to the defendant FRV Car Wash Corp. (hereinafter FRV). With the landlords' written consent, C & D assigned the lease to FRV. In December 2009 FRV defaulted on its obligation under the promissory note to pay C & D. In January 2010 FRV defaulted on its obligation under the assignment of lease to pay rent to the landlords. On January 15, 2010, the landlords commenced a summary eviction proceeding against FRV and Batista. C & D was not named as a party to the eviction proceeding. On March 2, 2010, a warrant of eviction was issued against FRV. The warrant of eviction was executed on April 2, 2010, and the landlords were given possession of the property.

C & D commenced this action, inter alia, to recover possession of the premises against, among others, the landlords. The landlords cross-moved for summary judgment dismissing the action insofar as asserted against them, arguing that they had a superior right of possession to the premises because, among other things, C & D refused the landlords' offer to redeem the premises and C & D did not have any possessory interest in the premises since the warrant of eviction terminated the lease.

The landlords also contended that C & D did not have any interest in the collateral property because it had been removed from the premises by someone other than the landlords. The Supreme Court, inter alia, granted the landlords' cross motion.

The landlords established their prima facie entitlement to judgment as a matter of law by showing that C & D did not have a present possessory interest in the premises or in the collateral property and that C & D was not a necessary party to the eviction proceeding against FRV (*see Frey v Rose*, 51 AD3d 859, 861 [2008]; *Radlog Realty Corp. v Geiger*, 254 App Div 352, 354 [1938]; *Park Prop. Dev. v Santos*, 1 Misc 3d 16, 17 [2003]). In opposition, C & D failed to raise a triable issue of fact (*see Sayed v Rapp*, 10 AD3d 717, 720 [2004]). Accordingly, the Supreme Court properly granted the landlords' cross motion for summary judgment dismissing the action insofar as asserted against them. Florio, J.P., Balkin, Lott and Miller, JJ., concur. **[Prior Case History: 30 Misc 3d 1227(A), 2011 NY Slip Op 50234(U).]**